UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SHAY RODGERS, <br><br> Plaintiff, <br><br> v. <br><br> SHIN HYONAN, et al., <br><br> Defendants. | No. 2:15-cv-0361-EFB P <br><br> ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1   relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2   relief." *Id.* § 1915A(b).

3       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4   of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5   plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10  U.S. 662, 679 (2009).

11      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13  action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15  678.

16      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18  content that allows the court to draw the reasonable inference that the defendant is liable for the
19  misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
20  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23  **III.    Screening Order**

24      The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds
25  that it must be dismissed with leave to amend for failure to state a claim. Plaintiff alleges that
26  during the course of an arrest, officers used excessive force, causing injury to his wrists. He
27  claims he was examined at the Shasta Regional Medical Center by defendant Dr. Hyonah and
28  defendant nurse Shahbon. Plaintiff claims that their examination was not thorough because they

1  did not ask the officers accompanying plaintiff to remove plaintiff's handcuffs.  Plaintiff also
2  claims the defendants were callous to his pain because they did not order an x-ray.  Medical staff
3  at the Shasta County Jail allegedly ordered an x-ray two weeks later, which revealed a fracture.
4  Plaintiff claims that this shows that the defendants acted with deliberate indifference and extreme
5  professional negligence.  Plaintiff is also suing the Shasta Regional Medical Center for pain and
6  suffering, lack of professionalism and cruel and inhumane treatment.
7        Liberally construed, it appears that plaintiff is attempting to state a federal claim for relief
8  pursuant to 42 U.S.C. § 1983 and the Eighth Amendment.  Under the applicable legal standards
9  however, the complaint as currently drafted fails to state a claim upon which relief may be
10 granted.  To proceed, plaintiff must file an amended complaint.
11       District courts have federal question jurisdiction over "all civil actions that arise under the
12 Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under'
13 federal law either where federal law creates the cause of action or 'where the vindication of a
14 right under state law necessarily turn[s] on some construction of federal law.'"  *Republican Party*
15 *of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing
16 *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  "[T]he presence
17 or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'
18 which provides that federal jurisdiction exists only when a federal question is presented on the
19 face of the plaintiff's properly pleaded complaint."  *Provincial Gov't of Marinduque v. Placer*
20 *Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009).
21       To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal
22 constitutional or statutory right; and (2) that the violation was committed by a person acting under
23 the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d
24 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the
25 facts establish the defendant's personal involvement in the constitutional deprivation or a causal
26 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
27 *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
28 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

3

1 for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
2 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff
3 must plead that each Government-official defendant, through the official's own individual
4 actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a
5 plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969
6 (9th Cir. 2009).

7 To succeed on an Eighth Amendment claim predicated on the denial of medical care, a
8 plaintiff must establish that he had a serious medical need and that the defendant's response to
9 that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*
10 *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to
11 treat the condition could result in further significant injury or the unnecessary and wanton
12 infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial,
13 delay or intentional interference with medical treatment or by the way in which medical care is
14 provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

15 To act with deliberate indifference, a prison official must both be aware of facts from
16 which the inference could be drawn that a substantial risk of serious harm exists, and he must also
17 draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if
18 he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing
19 to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate
20 altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,
21 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition,
22 even if some treatment is prescribed, may constitute deliberate indifference in a particular case.
23 *Id.*

24 It is important to differentiate common law negligence claims of malpractice from claims
25 predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.
26 In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not
27 support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
28 /////

1   1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391

2   F.3d 1051, 1057 (9th Cir. 2004).

3   Here, the allegations of the complaint do not demonstrate that any defendant acted with
4   the requisite state of mind for an Eighth Amendment violation.  Plaintiff alleges that he had just
5   been arrested and handcuffed prior to arriving at the medical center.  He does not plead facts
6   showing that removal of the handcuffs was essential to a proper medical evaluation or otherwise
7   demonstrating how a failure to request removal of the cuffs could be viewed as deliberately
8   indifferent to plaintiff's medical needs.  Moreover, defendants' alleged failure to order an x-ray
9   amounts to negligence at worst.  There are no allegations showing that plaintiff had an obvious
10  need for either the removal of the cuffs or an x-ray.  Nor are there factual allegations showing that
11  plaintiff was harmed because an x-ray was not ordered.  At most, plaintiff has merely alleged a
12  disagreement with the treatment that he received following his injury, which does not amount to
13  deliberate indifference.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

14  Finally, the "Shasta Regional Medical Center" is not a "person" for purposes of liability
15  under 42 U.S.C. § 1983 and is not a proper defendant.

16  Plaintiff will be granted leave to file an amended complaint to afford him the opportunity
17  to allege a cognizable legal theory against a proper defendant and sufficient facts in support of
18  that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
19  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
20  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint
21  shall clearly set forth the claims and allegations against each defendant.

22  Any amended complaint must not exceed the scope of this order and may not add new,
23  unrelated claims.  Further, any amended complaint must cure the deficiencies identified above
24  and also adhere to the following requirements:

25  Any amended complaint must identify as a defendant only persons who personally
26  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*
27  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
28  constitutional right if he does an act, participates in another's act or omits to perform an act he is

5

1 legally required to do that causes the alleged deprivation). It must also contain a caption
2 including the names of all defendants. Fed. R. Civ. P. 10(a).

3     Any amended complaint must be written or typed so that it so that it is complete in itself
4 without reference to any earlier filed complaint. L.R. 220. This is because an amended
5 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
6 earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
7 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
8 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
9 1967)).

10     Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
11 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
12 See Local Rule 110.

13     Accordingly, IT IS HEREBY ORDERED that:

14     1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

15     2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in
16 accordance with the notice to the California Department of Corrections and Rehabilitation, filed
17 concurrently herewith.

18     3. The complaint is dismissed with leave to amend within 30 days. The amended
19 complaint must bear the docket number assigned to this case and be titled "First Amended
20 Complaint." Failure to comply with this order will result in a recommendation that this action be
21 dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable
22 claim the court will proceed with service of process by the United States Marshal.

23 Dated: October 8, 2015.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE